UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID ARNOLD, AND SHARON STONE AND RONALD STONE INDIVIDUALLY, AND ON BEHALF, OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs<br><br>vs.<br><br>FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN<br><br>Defendant. | CASE NO. 1:16-CV-1944<br><br>HONORABLE BENITA PEARSON<br><br>AMENDED CLASS ACTION COMPLAINT<br><br>[JURY DEMAND ENDORSED HEREON] |

## **BACKGROUND**

1.  Plaintiffs David Arnold, and Sharon and Ronald Stone (the "Stones"), on behalf of a class of similarly situated persons, by and through their undersigned counsel allege as follows for their complaint based upon information and belief and the investigation of counsel:

2.  Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3) and 23(b)(2) on behalf of themselves and the following class of persons similarly situated (the "Class"):

> All persons in the United States who have or had homeowners insurance policies
> with Foremost Insurance Company Grand Rapids, Michigan ("Foremost"), and
> have made a homeowner's claim for any type of physical damage to their homes,

1

rental properties, or other covered structures or fixtures from June 30, 2001 to the present (the "Class Period") and whose claims were evaluated on the basis of Actual Cash Value or replacement cost (hereinafter collectively referred to as "ACV").

3. Plaintiffs seek relief for themselves and the Class under breach of contract and breach of the covenant of good faith and fair dealing causes of action.

## PARTIES

4. Plaintiff David Arnold is an Ohio citizen, who owns property located at 19406 Harvard Ave., Warrensville Heights OH 44122. Arnold's property at issue was insured by Foremost. A fire on June 30th, 2016 gave rise to the structural loss claim that he filed with Foremost, under an insurance policy agreement, attached herein as Exhibit 1.

5. Plaintiff Sharon Stone and Arnold Stone are Arizona citizens, who own property located at 2000 Ramar Road Lot 373, Bullhead, AZ 86442. The Stones' property was insured by Foremost. The Stones submitted a structural loss claim during the Class Period pursuant to an insurance policy issued by Foremost. The policy is attached as Exhibit 3. The Stones' covered property suffered structural damage loss in 2011 due to burst water pipes. The damage was repaired utilizing a general contractor and several subcontractors.

6. Defendant, Foremost Insurance Company Grand Rapids, Michigan is a Michigan company and has been insuring risks and transacting business throughout the United States, including in Ohio and Arizona. Foremost maintains its principal place of business at: 5600 Beech Tree Lane, Caledonia, MI 49316.

7. Defendant is a corporation engaged in interstate commerce in the business of insurance throughout the United States. Defendant maintains claims and sales offices throughout the United States, issuing homeowner's insurance policies and processing claims.

## JURISDICTION AND VENUE

8. This action was initially filed in the Court of Common Pleas, Cuyahoga County, Ohio, Case No. CV 16865562. Thereafter Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1332(d).

9. Venue is proper in this District because the Northern District of Ohio is the federal jurisdiction embracing the Court of Common Pleas, Cuyahoga County, Ohio.

10. Venue is also proper in this Court since Foremost conducted activity in this county that gave rise to the claims for relief in this action.

## FACTUAL ALLEGATIONS

11. Plaintiffs reincorporate all allegations in this Complaint as if fully rewritten herein.

12. Defendant issued homeowners insurance policies to Plaintiffs and the Class. Plaintiffs timely paid premiums to Foremost in exchange for the policy, and have otherwise complied with the terms of the policy.

13. During the Class Period, Plaintiffs and the Class presented claims to Foremost for structural losses to their homes, rental properties, and other covered structures, fixtures, or contents.

14. Each homeowners' policy issued by Foremost during the Class Period provides in pertinent part that Foremost will pay the claim using the "actual cash value" or "replacement value" of the loss. Which of these two methods was utilized is not relevant to this action.

15. Foremost defines ACV in substantially similar way in all of its policies. For example, Mr. Arnold's policy states:

> Actual cash value means the amount it would cost to repair or replace insured property with materials available today of like kind and quality, less allowance for physical deterioration and depreciation, including obsolescence.

Exhibit 1 at 1.

16. The Stones' policy states as follows:

> When a partial loss occurs, the amount we pay for loss to your dwelling will be the lowest of:
>
>   1. The replacement cost of the damaged portion of your dwelling.
>
>   2. The amount actually spent for necessary repair of replacement of the damaged portion of your dwelling.
>
>   3. The Amount of Insurance shown on the Declarations Page.
>
> ***
>
> You may disregard the Replacement Cost Payment Method and make a claim on an Actual Cash Value Payment Method . . . If you do, you may make further claim within 365 days after the loss for any additional cost you incur in replacing your damaged dwelling. If you do elect to make a claim on an Actual Cash Value Payment Method, then the amount we pay for loss to your dwelling will be the lowest of:
>
>   1. The actual cash value of the damaged portion of your dwelling at the time of the loss.
>
>   2. The amount required to repair or replace your dwelling.
>
>   3. The Amount of Insurance Shown on the Declarations Page.
> ***
> We will not pay contractor's fees or charges for overhead and profit except to the extent that they are reasonable, incurred and actually paid.

Exhibit 3 at 1.

17. As is relevant to this action, there are no differences between the ACV and replacement method. As defined by Foremost (as alleged in paragraph 15), ACV is simply replacement cost less depreciation and physical deterioration.

18. At all times relevant herein, Foremost breached the terms of the policy by utilizing a Foremost proprietary estimating system in the estimation and resolution of the

4

Plaintiffs' and the class' claims. As a matter of uniform policy and practice, Foremost does not include subcontractors' overhead and profit as part of ACV.

19.     Foremost represented to Plaintiff Arnold that it does not pay subcontractor overhead and profit in a letter from its counsel to Arnold's counsel dated June 28, 2016. Specifically, Foremost states "Please understand, overhead and profit is permitted only if a general contractor is hired to run the job." Exhibit 2.

20.     Upon information and belief, consistent with its stated policy to Mr. Arnold, Foremost did not pay subcontractor overhead and profit on the Stones' claim, even though such costs were incurred, reasonable and actually paid. The Stones repaired the damage to the covered property by utilizing a general contractor and several subcontractors. The Stones' claim was valued at ACV. *See* Exhibit 4.

21.     Defendant has wrongfully and improperly profited at the expense of its customers by underpaying claims for loss or damage to real property. These underpayments are in the form of failing to include subcontractors' overhead and profit in Defendant's calculations of ACV.

22.     Subcontractors' overhead and profit is simply the fee paid for the services of a subcontractor. Subcontractors' overhead and profit is owed by an insurance company when a subcontractor is reasonably necessary to repair or replace a property loss. Subcontractors' overhead and profit is a necessary element of compensation owed to the insured.

23.     Contractor overhead and profit has long been included in the calculation of ACV as part of the labor costs that are required to "repair or replace" the covered property. *See generally Parkway Assocs., LLC v. Harleysville Mut. Ins. Co.,* 129 Fed. Appx. 955 (6th Cir. 2005) (holding, in the context of general contractor overhead and profit, that "Indeed, even if Parkway

5

chooses not to repair its property at all, it would still be entitled to what it bargained for: the actual cash value of its loss, which includes contractor's overhead and profit where a contractor would reasonably be utilized to make repairs.").

24.     Without payment of overhead and profit, an insured cannot "repair or replace" damaged property because such costs are charged by contractors, in the same way a retail store will not sell a television at its cost, but will add to its price an amount needed to cover its overhead and profit. This is as true for subcontractor overhead and profit as it is for general contractor overhead and profit: subcontractors do not work at cost.

25.     By refusing to pay subcontractor overhead and profit, Defendant has failed to live up to its contractual obligations, and has damaged Plaintiffs and the class financially by underpaying their claims.

## CLASS ACTION ALLEGATIONS

26.     Pursuant to Fed. R. Civ. P. 23, Plaintiffs brings this suit on their own behalf and on behalf of the following Class:

> All persons in the United States who have or had homeowners insurance policies with Foremost, and have made a homeowner's claim for any type of physical damage to their homes, rental properties, or other covered structures or fixtures from June 30, 2001 to the present (the "Class Period") and whose claims were evaluated on the basis of Actual Cash Value or replacement cost.

27.     Plaintiffs reserves the right to amend or modify the definition of the Class with greater specificity, further divide into subclasses, or limit to particular issues as discovery and the orders of this Court warrant.

28.     Members of the Class are so numerous that their individual joinder herein is impracticable. While the exact number of Class members is presently unknown, and can only be

ascertained through appropriate discovery, Plaintiffs believe the members of the Class number in the thousands.

29. Common questions of law and fact exist as to members of the Class and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

    a. Whether Defendant breached the terms of its insurance policies by failing to pay subcontractor overhead and profit on claims made by its insureds;

    b. Whether Defendant violated its covenant of good faith and fair dealing by failing to pay subcontractor overhead and profit on claims made by its insureds; and

    c. Whether Class members are entitled to damages, restitution, and/or monetary relief and, if so, the amount and nature of such relief.

30. Plaintiffs' claims are typical of the claims of the Class because Plaintiffs purchased homeowners insurance policies from Defendant that would reimburse Plaintiffs for the ACV in the event of physical damage to covered homes, rental properties, structures, or fixtures. Plaintiffs's claims have the same essential characteristics as the claims of the members of the Class and are based on the same course of conduct and legal theories. The members of the Class have suffered the same type of injury and possess the same interests as Plaintiffs. A single resolution of these claims would be preferable to a multiplicity of similar actions.

31. Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class, they have retained competent counsel experienced in

prosecuting class actions, and they intend to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

32. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and the Class. Individual members of the Class may lack the resources to undergo the burden and expense of individual prosecutions of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

33. This suit is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34. This suit is also maintainable as a class action under Fed. R. Civ. P. 23 (b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class in its entirety.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

35. Plaintiffs hereby incorporate by reference all paragraphs of this Complaint as if fully rewritten herein.

36. Plaintiffs and the class had entered into valid, written homeowners' insurance contracts with Defendant. *See* Exhibits 1 and 3.

37. At all relevant times, Plaintiffs and the Class dutifully performed their obligations under the aforementioned agreements, including by paying their premiums.

38. Without privilege or excuse, Foremost materially breached express and/or implied contracts with the Plaintiffs and the members of the class, to their substantial detriment, by failing to pay for ACV as it was required to do pursuant to its respective agreements with Plaintiffs and the Class.

39. As a direct and proximate result of Foremost's unjustified breach of the parties' agreements, Plaintiffs and the Class have suffered substantial monetary damages, the full extent of which will be proven at trial.

### SECOND CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

40. Plaintiffs hereby incorporate by reference all paragraphs of this Complaint as if fully rewritten.

41. Foremost is bound by the implied covenant of good faith and fair dealing with respect to its conduct relating to its homeowner's insurance policies. The implied covenant of good faith and fair dealing precludes Foremost from engaging in conduct that has the effect of depriving Plaintiffs and the class of the benefits they are entitled to under the policies.

42. Foremost failed to fulfill its obligation to exercise good faith in processing and payment of the claims of Plaintiffs and the Class.

43. Based upon information and belief, Foremost failed to fulfill its obligation to exercise good faith to Plaintiffs and the Class by engaging in ongoing and continuous pattern and

practice of wrongfully not paying subcontractor overhead and profit as a category of expenses to be paid to an insured in the event of a loss.

44. Foremost is engaging in this pattern of behavior without reasonable justification thereof, in order to compel insureds such as the Plaintiffs and class to resolve their structural loss claims at terms that are advantageous to Foremost.

45. As a direct and proximate result of Foremost's actions and failures to act, Plaintiffs and the Plaintiffs Class have been damaged financially in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully requests that this Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying Plaintiffs as Class representatives;

b) Awarding Plaintiffs and class damages for Foremost's breach of contract;

c) Awarding Plaintiffs and class damages for Foremost's breach of the covenant of good faith and fair dealing;

d) Awarding pre- and post-judgment interest;

e) Awarding Plaintiffs and the class costs of this action, including reasonable attorneys' fees and expenses, and

f) Awarding Plaintiffs and the class such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby request a trial by jury, on all issues so triable.

Dated: November 7, 2016

By:

George Sintsirmas

*/s/ George Sintsirmas*

**GEORGE SINTSIRMAS ESQ., LLC**
George Sintsirmas (0032771)
Spyridon Sintsirmas (0089731)
26361 Curtiss Wright Parkway
Cleveland, Ohio 44143
(216) 920-5665
(216) 920-5085 (fax)
gsintsirmas@traxmed.com;
Sints2law@gmail.com


**KUSHNER, HAMED & GROSTIC CO., LPA**
Philip S. Kushner
pkushner@kushnerhamed.com
Christian J. Grostic
cgrostic@kushnerhamed.com
One Cleveland Center
1375 East 9th Street, Suite 1930
Cleveland, Ohio 44114
216-696-6700
216-696-6772 (fax)
www.kushnerhamed.com

**MILBERG LLP**
Andrei V. Rado (admitted PHV)
One Pennsylvania Plaza
New York, New York 10119
(212) 594-5300
arado@milberg.com